1  David N. Makous, State Bar No. 82409
   Keith H. Fichtelman, State Bar No. 262476
2  LEE, HONG, DEGERMAN, KANG & WAIMEY
   660 South Figueroa Street, Suite 2300
3  Los Angeles, California 90017
   Telephone: (213) 623-2221
4  Facsimile:  (213) 623-2211
   Email:  dmakous@lhlaw.com
5          keith.fichtelman@lhlaw.com

6  Attorneys for Plaintiff,
7  U.S. VESSEL DOCUMENTATION

8              UNITED STATES DISTRICT COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. VESSEL DOCUMENTATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BOAT AMERICA CORPORATION, a Virginia corporation, BOAT OWNERS ASSOCIATION OF THE UNITED STATES, a District of Columbia entity;<br><br>Defendants. | Case No.:   2:17-cv-4699<br><br>**COMPLAINT FOR:**<br><br>1) **FALSE REPRESENTATIONS AND ADVERTISING [15 U.S.C. § 1125(a)];**<br>2) **TRADE LIBEL;**<br>3) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br>4) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, U.S. Vessel Documentation (hereinafter "Plaintiff" or "USVD") alleges as follows:

## THE PARTIES

1. USVD is a corporation organized and existing under the laws of the State of California with its principal place of business in Long Beach, California.

2. On information and belief, Defendant Boat America Corporation ("BAC") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Alexandria, Virginia.

3. On information and belief, Defendant Boat Owners Association of the United States ("BOA") is an entity organized and existing under the laws of the District of Columbia with its principal place of business in Alexandria, Virginia. BOA and BAC are believed to be owned by the same party or parties. BOA and BAC will collectively be referred to herein as "Defendants."

4. On information and belief, each of the Defendants, in engaging in the acts and omissions alleged herein, was acting as the principal, agent, servant, or employee of the other Defendants; was acting within the course and scope of such agency; and was acting in concert with and in a conspiracy with the remaining Defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the Defendants as they transact business in California, they have conducted internet based business which specifically targeted residents in the State of California, and they committed acts which caused damages to residents of California.

6. This Court has subject matter jurisdiction over this matter pursuant to Title 28 of the United States Code section 1331 as some of the claims alleged herein are based on the laws of the United States of America.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1391(b)(2).

# GENERAL ALLEGATIONS

8. USVD offers national registration services for civilian operators to register vessels operating on the navigable waters of the United States with the U.S. Coast Guard. USVD is the top-rated agency in the United States for handling U.S. Coast Guard documentation processing to the National Vessel Documentation Center.

9. On information and belief, Defendants are for-profit entities that offer a variety of services to boat owners. BAC apparently offers vessel registration services as a direct competitor to USVD. BOA apparently offers insurance services, towing services, and boat related publications for sale.

10. BAC holds itself out on its website as quasi-official, if not official, government website by holding its services out as "USCGDocumentation" and offering to "create[] an official record of ownership with the US Coast Guard." BAC is not officially affiliated with the US Coast Guard and does not itself create "official records."

11. BOA holds itself out on its website as organization "looking after the interests of recreational boaters" and operating a "Consumer Protection Bureau."

12. Through their websites, the Defendants have been directly targeting California based consumers with internet advertising.

13. Among other communications, Defendants have informed consumers, including numerous consumers who reside in this judicial district, under the guise of its supposed consumer protection bureau that USVD is a "scam" and that the consumers should demand refunds of any moneys paid to USVD for services. Defendants have also advised USVD's customers that they should file charge backs with their financial institutions and to file complaints with federal and state regulators.

# FIRST CAUSE OF ACTION
## False Representations and Advertising
### [15 U.S.C. § 1125(a)]

14. Plaintiff incorporates by reference the allegations above as though fully set forth herein.

15. BAC, through its website content, words and actions, represents itself as being a quasi-official or official government service. In fact, BAC is a for-profit entity that is not officially associated with the U.S. Coast Guard or any other governmental entity.

16. BOA, through its website content, words, and actions, represents itself as being an organization that "look[s] after" recreational boat users and operating as a consumer protection body. In fact, BOA is a for-profit entity that uses these supposedly benevolent guises to sell services to boat owners and smear the reputation of Defendants' competitors.

17. Defendants' representations that they are a quasi-official, if not official, government related entity and/or a benevolent services organization are false. Such representations are misleading and likely to cause confusion as to the Defendants' affiliation, connection or association with the U.S. Coast Guard, or other government entities, or the endorsement or approval of the same.

18. The Defendants' representations are also likely to mislead consumers into believing that they are dealing with not-for-profit entities, when, in fact, the Defendants are for-profit entities.

19. Defendants have violated 15 U.S.C. § 1125 in that they have used in commerce word(s), term(s), name(s), symbol(s), or device(s), and/or a combination thereof, or a false designation of origin, false or misleading description(s) of fact(s), or false or misleading representation(s) of fact(s), which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with another person or entity, or as to

the origin, sponsorship, or approval of Defendants' services or commercial activities by another person.

20. Defendants have also violated 15 U.S.C. § 1125 in that they have used in commerce word(s), term(s), name(s), symbol(s), or device(s), and/or a combination thereof, or a false designation of origin, false or misleading description(s) of fact(s), or false or misleading representation(s) of fact(s), which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' services or commercial activities.

21. USVD has been, and is likely to continue to be, damaged by Defendants' misrepresentations. Consumers have been, and will likely continue to be, confused and choose to transact business with the Defendants' based on their false representations as the consumers believe that they are transacting business with a quasi-official or official government related entity or a not-for-profit entity.

22. As a result of Defendants' false representations and advertising, USVD was harmed by an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Trade Libel

23. Plaintiff incorporates by reference the allegations above as though fully set forth herein.

24. On numerous occasions, Defendants have made statements to consumers that USVD's services are a "scam." Defendants have directed such consumers to not transact business with USVD and, if already customers of USVD, that they should demand refunds, file charge backs with their financial institutions, and /or report USVD to government regulators.

25. USVD's services are not "scams" and USVD provides the services contracted by its customers.

26. Defendants are aware that USVD is providing vessel registration

services (indeed the same services as are provided by BAC). Defendants therefore knew that their statements were false, or acted with reckless disregard of the truth or falsity of their statements, and were aware that consumers may act in reliance of such false statements.

27. Defendants have made such statements not because they believe USVD is a "scam," but rather in an attempt to gain a commercial advantage against a competitor. Defendants therefore intended for such statements to damage USVD's business in an attempt to drive more business to their own competing businesses.

28. USVD has suffered damages as its reputation in the marketplace has been damaged, customers have demanded refunds, and customers have disputed proper charges paid to USVD. Defendants' actions were a substantial factor in causing this harm.

29. As a result of Defendants' false statements, USVD was harmed by an amount to be proven at trial.

30. In making such false statements, the Defendants were guilty of fraud, malice, and oppression, and their conduct was despicable. The Defendants' acts were undertaken in conscious disregard of USVD's rights and committed with the purpose and intent of harming and injuring USVD, warranting an award of exemplary and punitive damages against Defendants pursuant to California Civil Code section 3294.

## THIRD CAUSE OF ACTION

### Intentional Interference with Contractual Relations

31. Plaintiff incorporates by reference the allegations above as though fully set forth herein.

32. USVD entered into numerous contracts with civilian boat owners and operators.

33. Such customers when communicating with Defendants have

informed Defendants that they had contracted with USVD.  Thus Defendants were aware that such customers had contracts with USVD for services.

34. Defendants then made false statements and representations that either prevented performance of such contracts or made performance more expensive or difficult.  Indeed, Defendants intended to disrupt such contracts or knew that the disruption of performance of these contracts was substantially certain to occur.

35. USVD has suffered damages as its reputation in the marketplace has been damaged, customers have demanded refunds, and customers have disputed proper charges paid to USVD.  Defendants' actions were a substantial factor in causing this harm.

36. As a result of Defendants' false statements, USVD was harmed by an amount to be proven at trial.

37. In interfering with USVD's contractual relationships, the Defendants were guilty of fraud, malice, and oppression, and their conduct was despicable.  The Defendants' acts were undertaken in conscious disregard of USVD's rights and committed with the purpose and intent of harming and injuring USVD, warranting an award of exemplary and punitive damages against Defendants pursuant to California Civil Code section 3294.

## FOURTH CAUSE OF ACTION

### Intentional Interference with Prospective Economic Relations

38. Plaintiff incorporates by reference the allegations above as though fully set forth herein.

39. USVD had an economic relationship with numerous customers that probably would have resulted in further economic benefit to USVD.

40. Such customers when communicating with Defendants have informed Defendants that they had an economic relationship with USVD.  Thus Defendants were aware that such customers had an economic relationship with

USVD.

41. Defendants then made false statements and representations and committed other acts in violation of 15 U.S.C. § 1125.

42. Defendants' wrongful conduct was intended to disrupt USVD's economic relationship with its customers or Defendants' knew that the disruption of the relationships was substantially certain to occur.

43. USVD's economic relationships with some of its customers was disrupted and USVD was harmed .

44. USVD has suffered damages as its reputation in the marketplace has been damaged, customers have demanded refunds, and customers have disputed proper charges paid to USVD.  Defendants' actions were a substantial factor in causing this harm.

45. As a result of Defendants' false statements, USVD was harmed by an amount to be proven at trial.

46. In interfering with USVD's contractual relationships, the Defendants were guilty of fraud, malice, and oppression, and their conduct was despicable. The Defendants' acts were undertaken in conscious disregard of USVD's rights and committed with the purpose and intent of harming and injuring USVD, warranting an award of exemplary and punitive damages against Defendants pursuant to California Civil Code section 3294.

**PRAYER**

USVD prays for judgment as follows:

1. Compensatory damages to be proven at trial;
2. Punitive and exemplary damages pursuant to California Civil Code § 3294;
3. Costs of suit, including reasonable attorneys' fees;
4. Interest as allowable under applicable law;
5. Injunctive relief specifically enjoining Defendants from continuing to

make false statements and representations regarding USVD's services and/or the nature of their own services; and

6. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

USVD hereby demands a trial by jury of its claims against the Defendants.

Dated: June 26, 2017

**LEE, HONG, DEGERMAN, KANG & WAIMEY**

By: /s/ Keith H. Fichtelman
David N. Makous
Keith H. Fichtelman

Attorneys for U.S. Vessel Documentation

9
**COMPLAINT**